E-FILED  2022 JAN 17 2:39 PM POLK - CLERK OF DISTRICT COURT

IN THE IOWA DISTRICT COURT IN AND FOR POLK COUNTY

| | |
|---|---|
| LOGAN VILLHAUER, <br><br> *Plaintiff,* <br><br> v. <br><br> CITY OF DES MOINES, GARTH HOUSE, JACKSON BRUCKNER; KALEB SCHULTZ; STEPHANIE SWARTZ; TRUDY PAULSON; JOHN DOE I; and JOHN DOE II, <br><br> *Defendants.* | Case No: <br><br><br> COMPLAINT AND JURY DEMAND |

COMES NOW, Plaintiff, by and through undersigned counsel, Nathan A. Mundy, hereby petition the Court for relief, and in support thereof hereby state the following:

## PARTIES

1. Plaintiff Logan Villhauer (hereinafter "Villhauer") at all times relevant to the events complained of herein was a resident of Polk County, Iowa. Plaintiff Villhauer now resides in California.

2. Defendant Garth House is believed to be a citizen and resident of Iowa and was employed as a law enforcement officer with the Des Moines, Iowa Police Department at all times relevant to the events complained of herein. At all times material hereto, the actions and omissions of Defendant House were made under the color of authority and law as a law enforcement officer for the Des Moines, Iowa Police Department. He is sued in his official and individual capacities.



3.  Defendant Jackson Bruckner is believed to be a citizen and resident of Iowa and
    was employed as a law enforcement officer with the Des Moines, Iowa Police
    Department at all times relevant to the events complained of herein. At all times
    material hereto, the actions and omissions of Defendant Bruckner were made under
    the color of authority and law as a law enforcement officer for the Des Moines, Iowa
    Police Department. He is sued in his official and individual capacities.

4.  Defendant Kaleb Schultz is believed to be a citizen and resident of Iowa and was
    employed as a law enforcement officer with the City of Des Moines Police
    Department at all times relevant to the events complained of herein. At all times
    material hereto, the actions and omissions of Defendant Schultz were made under
    the color of authority and law as a law enforcement officer for the Des Moines, Iowa
    Police Department. He is sued in his official and individual capacities.

5.  Defendant Trudy Paulson is believed to be a citizen and resident of Iowa and was
    employed as a law enforcement officer with the City of Des Moines Police
    Department at all times relevant to the events complained of herein. At all times
    material hereto, the actions and omissions of Defendant Paulson were made under
    the color of authority and law as a law enforcement officer for the Des Moines, Iowa
    Police Department. She is sued in her official and individual capacities.

6.  Defendant Stephanie Swartz is believed to be a citizen and resident of Iowa and
    was employed as a law enforcement officer with the City of Des Moines Police
    Department at all times relevant to the events complained of herein. At all times
    material hereto, the actions and omissions of Defendant Swartz were made under

the color of authority and law as a law enforcement officer for the Des Moines, Iowa Police Department. She is sued in her official and individual capacities.

7.   Defendants John Doe 1 and 2 are believed to be citizens and residents of Iowa and were employed as a law enforcement officers with the City of Des Moines Police Department and other local police departments at all times relevant to the events complained of herein. At all times material hereto, the actions and omissions of Defendants John Doe and 2 were made under the color of authority and law as law enforcement officers for their respective police departments. They are sued in their official and individual capacities. They are (along with the other individually named defendants) are henceforth collectively referred to as "Defendant Police."

8.   Defendant Dana Wingert is believed to be a citizen and resident of Iowa and was employed as the Chief of Police of the City of Des Moines Police at all times relevant to the events complained of herein. At all times material hereto, Defendant Wingert's actions and/or omissions were made under the color of authority as the Chief of Police. He is sued in his official and individual capacities.

9.   Defendant City of Des Moines, Iowa is a municipal corporation organized and authorized to operate under the laws of Iowa and is located at 400 East First Street, Des Moines, Polk County, Iowa. Defendant City is responsible for maintaining and operating the Des Moines Police Department.

## JURISDICTION and VENUE

E-FILED  2022 JAN 17 2:39 PM POLK - CLERK OF DISTRICT COURT

10. Venue is proper in the District Court for Polk County pursuant to Iowa Code §669.4(1) as the district in which Plaintiff resides and/or in which the acts and omissions complained of occurred.

11. Subject matter jurisdiction of the District Court for Polk County is proper pursuant to Iowa Code § 602.6101.

12. The amount in controversy exceeds the jurisdictional amount.

13. No other petitions seeking the same relief or part thereof has previously been presented to and refused by any court or justice.

## FACTS

14. All the events complained of herein occurred in Polk County, IA.

15. On May 31st, 2020, Polk County, IA issued a "stay at home" curfew between the hours of 9:00 p.m. and 5:00 a.m., effective immediately.

16. The curfew did not apply to individuals from the media who were covering the demonstrations.

17. On June 1, 2020, protesters gathered at the Iowa State Capitol for an event organized by local civil rights advocates, called "Together We Can Make a Change: A Call to Action."

18. The formal event ended around 8:15 p.m., after which time several hundred individuals continued to protest on the Capitol grounds.

19. Around 9:00 p.m., several hundred people marched peacefully from the Capitol to the Des Moines Police Department.

E-FILED  2022 JAN 17 2:39 PM POLK - CLERK OF DISTRICT COURT

20. Some protesters continued to march, eventually returning to the Capitol around 10:45 p.m.

21. The Polk County Attorney advised Des Moines Police officers that a curfew violation was not a valid charge; therefore, officers were not to arrest individuals simply for being out past the 9:00 p.m. curfew.

22. Around 11:45, p.m., Des Moines Police threw tear gas canisters and flash bangs into the group of protesters.

23. Around this time, Plaintiff Villhauer, along with two other persons, Matthew Raper (hereinafter "Mr. Raper") and Thuan Van Luong (hereinafter "Mr. Luong") were at The Blazing Saddle bar on East 5th Street.

24. Following the tear gas deployment at the Capitol, Plaintiff Villhauer, Mr. Raper, , and Mr. Luong noticed individuals running Westbound down Locust Street.

25. Seeing this, Plaintiff Villhauer, Mr. Raper, and Mr. Luong exited The Blazing Saddle and walked South, down to the corner of East 5th Street and Locust Street, to provide first aid to an individual who had been tear gassed.

26. Plaintiff Villhauer, Mr. Raper, and Mr. Luong brought two spray bottles with them. One contained baking soda and water, and the other contained milk of magnesia and water.

27. Plaintiff Villhauer, Mr. Raper, and Mr. Luong helped to rinse the tear gas out of the individual's eyes.

28. Plaintiff Villhauer, Mr. Raper and Mr. Luong then walked on the sidewalk back to The Blazing Saddle, North on East 5th Street.

E-FILED  2022 JAN 17 2:39 PM POLK - CLERK OF DISTRICT COURT

29. As Plaintiff Villhauer, Mr. Raper, and Mr. Luong approached the entrance of The Blazing Saddle, two white, unmarked pickup trucks pulled up and stopped next to them in the street.

30. In the first pickup truck there were seven officers, two in the cab and five in the bed of the truck. These officers included Des Moines Police Officers Garth House, Thomas Garcia, Zachary Duitscher, Brandon Eivins, and DeMareo Darrah.

31. In the second pickup truck there were eight officers, two in the cab and six in the bed of the truck. These officers included Des Moines Police Officers Graham Swenson, Jackson Bruckner, Kyle Gruver, and Nicholas Valentine.

32. Also arriving in one of the pickup trucks were Des Moines Police Officers Clint Dee and Kaleb Schultz.

33. Upon information and belief, Defendant House, who rode in the passenger seat of the first pickup truck, was in command of the officers in the two pickup trucks.

34. When the two pickup trucks full of officers pulled up next to them, Plaintiff Villhauer, Mr. Raper, and Mr. Luong put their hands in the air and continued walking towards The Blazing Saddle.

35. The two pickup trucks carrying officers stopped in the street next to The Blazing Saddle and the fifteen officers swarmed Plaintiff Villhauer, Mr. Raper, and Mr. Luong and yelled at them to get on the ground.

36. Several of the officers drew their weapons.

37. Officer House pointed a rifle at Plaintiff Villhauer, Mr. Raper, and Mr. Luong and ordered them to the ground at gunpoint.

E-FILED  2022 JAN 17 2:39 PM POLK - CLERK OF DISTRICT COURT

38. Plaintiff Villhauer, Mr. Raper, and Mr. Luong immediately complied with the orders, they lay face-down on the concrete directly in front of The Blazing Saddle. They kept their hands up behind their heads.

39. Officer House continued to point his gun at Plaintiff Villhauer, Mr. Raper, and Mr. Luong and stood directly over them.

40. Officer House directed other officers to detain Plaintiff Villhauer, Mr. Raper, and Mr. Luong and ordered Officer Garcia and Officer Duitscher to "clear" The Blazing Saddle.

41. Officer Garcia and Officer Duitscher proceeded to enter The Blazing Saddle and search the premises.

42. Officer Garcia and Officer Duitscher did not have reasonable suspicion or probable cause to believe any person who had committed a crime was inside The Blazing Saddle. Officer Garcia and Officer Duitscher had no legal justification for entering The Blazing Saddle without consent for the purposes of searching the premises.

43. None of the officers had a search warrant to search The Blazing Saddle, nor did they have a warrant for the arrest of any persons inside The Blazing Saddle.

44. Plaintiff Villhauer was handcuffed and searched by Officer Gruver.

45. Officer Bruckner handcuffed Mr. Luong as he lay on the ground.

46. Upon information and belief, Officer Schultz handcuffed Mr. Raper and searched his pockets as he lay on the ground.

47. The spray bottle containing the pepper spray/tear gas treatment used when the three men were administering first aid was on the ground next to Mr. Luong.

E-FILED  2022 JAN 17 2:39 PM POLK - CLERK OF DISTRICT COURT

48. Officer Bruckner picked it up and set it on a ledge next to where the three men had been seized.

49. Officer Bruckner searched Mr. Luong's pockets.

50. Plaintiff Villhauer explained he had his phone on him, a mobile charger, keys, scissors that he was going to use to cut gauze, and suckers because an individual was becoming hypoglycemic.

51. While Plaintiff Villhauer, Mr. Raper, and Mr. Luong were handcuffed, Officer House asked what was in the spray bottles, picking up the bottle that had been set on the ledge by Officer Bruckner.

52. Plaintiff Villhauer explained to Officer House that the spray bottle contained baking soda and water.

53. Officer House proceeded to pick up a second spray bottle from the ground next to Plaintiff Villhauer.

54. Plaintiff Villhauer explained to Officer House that the spray bottle contained milk of magnesia and water.

55. Officer House inspected both spray bottles and confirmed there was nothing dangerous or illegal about the bottles.

56. As Plaintiff Villhauer, Mr. Raper, and Mr. Luong were unlawfully detained, handcuffed, and searched, the remaining officers stood in the street maintaining a perimeter around the front of The Blazing Saddle.

57. While Plaintiff Villhauer, Mr. Raper, and Mr. Luong were being searched, Officer House directed his team to "mount up" back into the front white pickup truck.

58. Officer House directed the other officers to "secure the prisoners" (prisoners meaning Plaintiff Villhauer, Mr. Raper, and Mr. Luong) and "get transport for them."

59. No officer asked Plaintiff Villhuaer, Mr. Raper, and Mr. Luong about where they had been that night or what they had been doing.

60. None of the officers investigated whether Plaintiff Villhauer, Mr. Raper, and Mr. Luong had been present at the Capitol or had been ordered to disperse.

61. Approximately eight officers, including Officer Schultz, Officer Gruver, Officer Dee, Officer Garcia, and Officer Duitscher remained at The Blazing Saddle to hold Plaintiff Villhauer, Mr. Raper, and Mr. Luong and wait for arrival of the transport vehicle.

62. While waiting for the transport vehicle to arrive, Officer Dee indicated he "didn't see what happened" before they all jumped out of the trucks and arrested Plaintiff Villhauer, Mr. Raper, and Mr. Luong.

63. Officer Duitscher responded, "I didn't either, they just said grab 'em, then he told us to clear Blazing Saddles and we cleared it."

64. Officer Dee proceeded to ask John Doe 1, "Which charges for these?," referring to Plaintiff Villhauer, Mr. Raper, and Mr. Luong.

65. John Doe 1 stated, "I don't know, failure to disperse . . . I guess its riot, failure to disperse, rioters."

66. Officer Schultz and John Doe 2 guarded Plaintiff Villhauer, Mr. Raper, and Mr. Luong while they sat on a bench in front of The Blazing Saddle.

67. John Doe 2 then loaded Plaintiff Villhauer, Mr. Raper, and Mr. Luong in a paddy wagon to be transported to jail.

E-FILED  2022 JAN 17 2:39 PM POLK - CLERK OF DISTRICT COURT

68. Plaintiff Villhauer complained of his handcuffs being too tight, due to prior nerve damage in his wrists.

69. Plaintiff Villhauer, Mr. Raper, and Mr. Luong were then taken to the Polk County Jail and booked on charges of Failure to Disperse, in violation of Iowa Code § 723.3.

70. Plaintiff Villhauer, Mr. Raper, and Mr. Luong violated no laws. Their arrest was unlawful.

71. Plaintiff Villhauer, Mr. Raper, and Mr. Luong were not being violent or threatening.

72. There was no probable cause to arrest Plaintiff Villhauer, Mr. Raper, or Mr. Luong for any crime.

73. Plaintiff Villhauer, Mr. Raper, and Mr. Luong each posted bond to secure their release from jail.

74. On June 2, 2020, officers filed criminal complaints against Plaintiff Villhauer, Mr. Raper, and Mr. Luong charging them with Failure to Disperse, in violation of Iowa Code § 723.3.

75. Des Moines Police Officer Officer Trudy Paulson filed the complaint against Plaintiff Villhauer.

76. Officer Swartz filed a complaint against Mr. Raper, and Officer Paulson filed a complaint against Mr. Luong.

77. Officers Swartz and Paulson each swore in affidavits supporting the respective complaints that, on June 1, 2020:

> "Defendant was a member of a group (of WELL over three people) that assembled to protest allegations of racism and police brutality. The protests evolved to property damage and obstruction of public roadways, with

E-FILED  2022 JAN 17 2:39 PM POLK - CLERK OF DISTRICT COURT

many of the remaining participants engaging in violent, intimidating and destructive behavior.

Police officers clearly, loudly and repeatedly instructed all participants to disperse intermittently a total of 5 times over a period of approximately 20 minutes, reading a command to disperse as written in the state code of Iowa.

Despite those instructions, Defendant willfully stayed among the group that remained. This group was engaging in assaultive conduct, the intimidation of people and destruction of property. Private businesses and public buildings were damaged by breaking windows. Water bottles and other objects were thrown at individuals.

This destruction was open, extensive and obvious, yet the defendant willfully remained among the group of persons responsible for this conduct all of which occurred in the City of Des Moines, Polk County, Iowa.

Defendant was within hearing distance of the commands to disperse and failed to leave."

78. These statements were false.

79. Plaintiff Villhauer, Mr. Raper, and Mr. Luong were not in the assembly at the Capitol on June 1, 2020 to protest racism and police brutality.

80. Plaintiff Villhauer, Mr. Raper, and Mr. Luong were not in any group engaging in assaultive or illegal conduct on June 1, 2020.

81. Plaintiff Villhauer, Mr. Raper, and Mr. Luong did not receive the orders to disperse issued at the Capitol.

82. Plaintiff Villhauer, Mr. Raper, and Mr. Luong did not remain in any group in defiance of an order to disperse.

83. On December 3, 2020, an Assistant Polk County Attorney filed a Notice of Intent Not to Prosecute in Plaintiff Villhauer's case.

84. On December 7, 2020, an Assistant Polk County Attorney filed a Notice of Intent Not to Prosecute in Mr. Raper's case.

85. On December 3, 2020, an Assistant Polk County Attorney filed a Notice of Intent Not to Prosecute in Mr. Luong's case.

86. Accordingly, the government asked the court to dismiss the criminal charges against Plaintiff Villhauer, Mr. Raper, and Mr. Luong.

87. On December 3, 2020, the Polk County District Court granted the government's request and dismissed the criminal charge against Plaintiff Villhauer.

88. On December 7, 2020, the Polk County District Court granted the government's request and dismissed the criminal charge against Mr. Raper.

89. On December 4, 2020, the Polk County District Court granted the government's request and dismissed the criminal charge against Mr. Luong.

90. It is clearly established that it is unconstitutional to arrest and charge an individual without probable cause. *Baribeau v. City of Minneapolis*, 596 F.3d 465, 478 (8th Cir. 2010).

91. It is clearly established that it is unconstitutional for law enforcement to retaliate against a citizen for that citizen's exercise of his First Amendment rights. *Osborne v. Grussing*, 477 F.3d 1002, 1005 (8th Cir. 2007).

92. It is clearly established that an officer is not excused for violating someone's constitutional rights simply because the officer is following orders. *J.H.H. v. O'Hara*, 878 F.2d 240, 245 n.4 (8th Cir. 1989).

93. Des Moines Police have a pattern of using excessive force against individuals they believe are affiliated with protests, charging those individuals without probable

E-FILED  2022 JAN 17 2:39 PM POLK - CLERK OF DISTRICT COURT

cause, and targeting members of the media who are attempting to cover the police response to protests.

94. By these actions, the police intend to punish citizens for their protest activity—an exercise of their First Amendment rights—and to deter future demonstrations.

95. Des Moines Police officers pepper-sprayed a young woman, Essence Welch, the evening of May 30, 2020. Ms. Welch likewise was not violating any laws or acting in a violent or threatening manner. Ms. Welch was recording law enforcement's activities at a protest.

96. Des Moines Police officers repeatedly pepper-sprayed and beat another young woman, Denver Foote, in the early morning hours of May 31, 2020. Ms. Foote likewise was not violating any laws or acting in a violent or threatening manner.

97. Des Moines Police officers pepper-sprayed and tackled a young man, Trent Schwab, in the early morning hours of May 31, 2020. Mr. Schwab likewise was not violating any laws or acting in a violent or threatening manner.

98. Des Moines Police officers pepper-sprayed and assaulted many other people in the early morning hours of May 31, 2020, people who were not violating any laws or acting in a violent or threatening manner. Several of the people who were pepper sprayed were cowering from law enforcement at the time they were assaulted.

99. Des Moines Police officers falsely arrested many individuals on May 31, 2020 and charged them with protest-related crimes that those people did not commit.

100. Defendants illegally arrested several other individuals on May 31, 2020 and falsely charged them with protest-related crimes, including Cierra Dunn Verchon Debrossard, Michael Klingenberg, Makenzie Moler, and Jaquan Patton.

101. Des Moines Police officers pepper-sprayed and arrested a Des Moines Register reporter, Andrea Sahouri, who was covering the protests near Merle Hay Mall on May 31, 2020. Ms. Sahouri advised the officers that she was working as a reporter. The officers arrested her, regardless. Ms. Sahouri was later acquitted of all charges by a Polk County Jury.

102. Des Moines Police officers pepper-sprayed a Des Moines Register reporter, Katie Akin, who was attempting to comply with commands to disperse on June 1, 2020. Ms. Akin was not in the group with the protesters, but was observing the protests from yards away. Ms. Akin was holding up her press badge and shouting that she was with the press at the time she was pepper-sprayed.

## CAUSES OF ACTION

### COUNT I – ILLEGAL SEIZURE CIVIL RIGHTS VIOLATION UNDER 42 U.S.C § 1983 VIOLATION OF 4th AMENDMENT TO THE UNITED STATES CONSTITUTION (Against Defendants House, Bruckner, Schultz, John Doe 1 and 2, Individually)

103. Plaintiff incorporates the preceding paragraphs by reference as if each paragraph was set forth herein.

104. Defendants violated Plaintiff Villhauer's clearly established federal constitutional rights by seizing Villhauer without reasonable suspicion or probable cause to do so and by charging Villhauer with a crime without probable cause.

E-FILED  2022 JAN 17 2:39 PM POLK - CLERK OF DISTRICT COURT

105. Defendants demonstrated a deliberate indifference to and reckless disregard of Villhauer's civil and constitutional rights.

106. Defendants' actions were willful, wanton, unlawful, and in gross disregard of Villhauer's civil rights, justifying an award of punitive damages.

107. As a result of Defendants' acts and omissions, Villhauer has in the past and will in the future suffer injuries and damages.

**COUNT II – ILLEGAL SEIZURE CIVIL RIGHTS VIOLATION OF ARTICLE I, § 8 OF THE IOWA CONSTITUTION (Against Defendants House, Bruckner, Schultz, John Doe 1 and 2, Individually)**

108. Plaintiff incorporates the preceding paragraphs by reference as if each paragraph was set forth herein.

109. Defendants violated Plaintiff Villhauer's clearly established constitutional rights by seizing Villhauer without reasonable suspicion or probable cause to do so and by charging Villhauer with a crime without probable cause.

110. Defendants demonstrated a deliberate indifference to and reckless disregard of Villhauer's civil and constitutional rights.

111. Defendants' actions were willful, wanton, unlawful, and in gross disregard of Villhauer's civil rights, justifying an award of punitive damages.

112. Plaintiff Villhauer hereby requests reasonable attorney fees and costs associated with prosecuting this action as Defendants' violation of their constitutional rights was oppressive, conniving, harsh, cruel, and/or tyrannical.

113. As a result of Defendants' acts and omissions, Plaintiffs have in the past and will in the future suffer injuries and damages.

E-FILED  2022 JAN 17 2:39 PM POLK - CLERK OF DISTRICT COURT

**COUNT III – RETALIATION CIVIL RIGHTS VIOLATION UNDER 42 U.S.C § 1983 VIOLATION OF 1st AMENDMENT TO THE UNITED STATES CONSTITUTION (Against Defendants House, Bruckner, Schultz, John Doe 1 and 2, Individually)**

114.  Plaintiff Villhauer incorporates the preceding paragraphs by reference as if each paragraph was set forth herein.

115.  Villhauer was merely exercising his First Amendment rights.

116.  Defendants violated Villhauer's clearly established federal constitutional rights by arresting him in retaliation for their exercise of his First Amendment rights.

117.  Retaliation was a substantial or motivating factor for Defendants' decision to arrest Villhauer.

118.  Defendants would not have arrested Plaintiffs but for their retaliatory motive.

119.  Similarly situated individuals who were not engaged in the same sort of protected activity as Villhauer were not arrested.

120.  Defendants demonstrated a deliberate indifference to and reckless disregard of Villhauer's civil and constitutional rights.

121.  Defendants' actions were willful, wanton, unlawful, and in gross disregard of Villhauer's civil rights, justifying an award of punitive damages.

122.  As a result of Defendants' acts and omissions, Villhauer has in the past and will in the future suffer injuries and damages.

**COUNT IV – RETALIATION CIVIL RIGHTS VIOLATION OF ARTICLE I, § 7 OF THE IOWA CONSTITUTION (Against Defendants House, Bruckner, Schultz, John Doe 1 and 2, Individually)**

123.  Plaintiff Villhauer incorporates the preceding paragraphs by reference as if each paragraph was set forth herein.

124.   Plaintiff was exercising his article I, § 7 rights.

125.   Defendants violated Villhauer's clearly established state constitutional rights
arresting him in retaliation for their exercise of their article I, § 7 rights.

126.   Retaliation was a substantial or motivating factor for Defendants' decision to arrest
Villhauer

127.   Defendants would not have arrested Villhauer but for their retaliatory motive.
Similarly situated individuals who were not engaged in the same sort of protected
activity as Villhauer were not arrested.

128.   Defendants demonstrated a deliberate indifference to and reckless disregard of
Villhauer's civil and constitutional rights.

129.   Defendants' actions were willful, wanton, unlawful, and in gross disregard of
Villhauer's civil rights, justifying an award of punitive damages.

130.   Plaintiff Villhauer hereby requests reasonable attorney fees and costs associated
with prosecuting this action as Defendants' violation of their constitutional rights
was oppressive, conniving, harsh, cruel, and/or tyrannical.

131.   As a result of Defendants' acts and omissions, Villhauer has in the past and will in
the future suffer injuries and damages.

### COUNT V – DELIBERATELY INDIFFERENT POLICIES, PRACTICES, CUSTOMS, TRAINING AND SUPERVISION CIVIL RIGHTS VIOLATION PURSUANT TO 42 U.S.C § 1983 VIOLATION OF 1st, 4th, 5th & 14th AMENDMENTS TO THE UNITED STATES CONSTITUTION (Against Defendants Wingert, Individually, and City of Des Moines, Iowa)

132.   Plaintiff Villhauer incorporates the preceding paragraphs by reference as if each
paragraph was set forth herein.

133.  Defendants Wingert and City of Des Moines, Iowa are responsible for establishing, maintaining, and enforcing the official policies, procedures, patterns, practices, and/or customs of the Des Moines Police Department for use of pepper spray, tear gas, and use of force, generally.

134.  Defendant City of Des Moines, Iowa is charged with the duty to ensure that its law enforcement officers are properly trained and supervised.

135.  As Chief of Police, Defendant Wingert is ultimately responsible for the training and supervision of his officers.

136.  Defendants violated Villhauer's federal constitutional rights by:

    a.  permitting City of Des Moines Police officers to violate the constitutional rights of citizens;

    b.  ratifying and approving the unlawful use of force against citizens;

    c.  failing to enforce and implement policies preventing the unlawful use of force against citizens;

    d.  tolerating, encouraging, and permitting collusive statements by involved officers in such situations;

    e.  failing to adopt and enforce policies to document citizen interactions that do not result in arrest or citation;

    f.  failing to adopt a system to identify, track, and monitor problematic police behavior and patterns of unconstitutional conduct;

    g.  failing to take adequate disciplinary measures against City of Des Moines Police officers who violate the civil rights of citizens;

    h.   failing to properly train and/or supervise Defendant Police in the constitutional requirements for use of force and the necessity of probable cause for arrest;

    i.   failing to implement adequate maintenance training and properly focused maintenance training.

137.   Defendants' policies, procedures, customs, and/or practices caused the violations of Villhauer's constitutional and federal rights as set forth herein and in the other claims and resulted from a conscious or deliberate choice to follow a course of action from among various available alternatives.

138.   The need for the aforementioned training and supervision was obvious and it was foreseeable that the inadequacy of Defendant Police's training and supervision was likely to result in the violation of constitutional rights.

139.   Defendants demonstrated a deliberate indifference to and/or reckless disregard of Villhauer's constitutional rights and those similarly situated to them.

140.   Defendants' failure to train and supervise Defendant Police caused the violations of Villhauer's constitutional and federal rights as set forth herein and in the other claims and resulted from a conscious or deliberate choice to follow a course of action from among various available alternatives.

141.   As a result of Defendants' acts and omissions, Villhauer has in the past  and will in the future suffer injuries and damages.

**COUNT VI – DELIBERATELY INDIFFERENT POLICIES, PRACTICES, CUSTOMS, TRAINING AND SUPERVISION CIVIL RIGHTS VIOLATION PURSUANT TO**

E-FILED  2022 JAN 17 2:39 PM POLK - CLERK OF DISTRICT COURT

### ARTICLE I, §§ 6, 7 & 8 OF THE IOWA CONSTITUTION (Against Defendants Wingert, Individually, and City of Des Moines, Iowa)

142.   Plaintiff Villhauer incorporates the preceding paragraphs by reference as if each paragraph was set forth herein.

143.   Defendants Wingert and City of Des Moines, Iowa are responsible for establishing, maintaining, and enforcing the official policies, procedures, patterns, practices, and/or customs of the Des Moines Police Department for use of pepper spray, tear gas, and use of force, generally.

144.   Defendant City of Des Moines, Iowa is charged with the duty to ensure that its law enforcement officers are properly trained and supervised.

145.   As Chief of Police, Defendant Wingert is ultimately responsible for the training and supervision of his officers.

146.   Defendants violated Plaintiffs' state constitutional rights by:

    a.   permitting City of Des Moines Police officers to violate the constitutional rights of citizens;

    b.   ratifying and approving the unlawful use of force against citizens;

    c.   failing to enforce and implement policies preventing the unlawful use of force against citizens;

    d.   tolerating, encouraging, and permitting collusive statements by involved officers in such situations;

    e.   failing to adopt and enforce policies to document citizen interactions that do not result in arrest or citation;

    f.  failing to adopt a system to identify, track, and monitor problematic police behavior and patterns of unconstitutional conduct;

    g.  failing to take adequate disciplinary measures against City of Des Moines Police officers who violate the civil rights of citizens;

    h.  failing to properly train and/or supervise Defendant Police in the constitutional requirements for use of force and the necessity of probable cause for arrest;

    i.  failing to implement adequate maintenance training and properly focused maintenance training.

147.  Defendants' policies, procedures, customs, and/or practices caused the violations of Villhauer's constitutional rights as set forth herein and in the other claims and resulted from a conscious or deliberate choice to follow a course of action from among various available alternatives.

148.  The need for the aforementioned training and supervision was obvious and it was foreseeable that the inadequacy of Defendant Police's training and supervision was likely to result in the violation of constitutional rights.

149.  Defendants demonstrated a deliberate indifference to and/or reckless disregard of Villhauer's constitutional rights and those similarly situated to them.

150.  Defendants' failure to train and supervise Defendant Police caused the violations of Villhauer's constitutional rights as set forth herein and in the other claims and resulted from a conscious or deliberate choice to follow a course of action from among various available alternatives.

151.   Plaintiff Villhauer hereby requests reasonable attorney fees and costs associated with prosecuting this action as Defendants' violation of his constitutional rights was oppressive, conniving, harsh, cruel, and/or tyrannical.

152.   As a result of Defendants' acts and omissions, Plaintiff Villhauer has in the past and will in the future suffer injuries and damages.

**COUNT VII – MALICIOUS PROSECUTION (Against Defendants House, Bruckner, Schultz, John Doe 1 and 2, Swartz, Paulson, Individually)**

153.   Plaintiff Villhauer incorporates the preceding paragraphs by reference as if each paragraph was set forth herein.

154.   Defendants instigated a criminal prosecution against Plaintiff Villhauer by filing the false Preliminary Complaint.

155.   The criminal prosecution against Villhauer was dismissed.

156.   There was no probable cause for the charge against Villhauer.

157.   Defendants acted with malice in initiating the prosecution against Villhauer.

158.   As a result of Defendants' acts and omissions, Villhauer has in the past and will in the future suffer injuries and damages.

**COUNT VIII – ABUSE OF PROCESS (Against Defendants House, Bruckner, Schultz, John Doe 1 and 2, Swartz, Paulson, Individually)**

159.   Plaintiff Villhauer incorporates the preceding paragraphs by reference as if each paragraph was set forth herein.

160.   Defendants intentionally used the criminal legal process against Villhauer to accomplish a purpose for which it was not designed.

161.  As a result of Defendants' acts and omissions, Villhauer has in the past and will in the future suffer injuries and damages.

### COUNT IX – FALSE ARREST / IMPRISONMENT (Against Defendants House, Bruckner, Schultz, John Doe 1 and 2, Individually)

162.  Plaintiff Villhauer incorporates the preceding paragraphs by reference as if each paragraph was set forth herein.

163.  Defendants detained Villhauer against his will.

164.  The detention of Villhauer was unlawful.

165.  As a result of Defendants' acts and omissions, Villhauer has in the past and will in the future suffer injuries and damages.

### COUNT X – ASSAULT AND BATTERY (Against Defendants House, Bruckner, Schultz, John Doe 1 and 2)

166.  Plaintiff Villhauer incorporates the preceding paragraphs by reference as if each paragraph was set forth herein.

167.  Defendants subjected Villhauer to contact of an insulting and provoking nature.

168.  Defendants acted without the consent of Villhauer.

169.  Defendants' intentional acts resulted in bodily contact with Villhauer that a reasonable person would deem insulting or offensive.

170.  Villhauer suffered an injury, namely nerve damage to his wrists as a result of the handcuffs being too tight.

171.  Defendants' actions were willful, wanton, unlawful, and in gross disregard of Villhauer's civil rights, justifying an award of punitive damages.

172.  Plaintiff Villhauer hereby requests reasonable attorney fees and costs associated with prosecuting this action as Defendants' behavior was oppressive, conniving, harsh, cruel, and/or tyrannical.

173.  As a result of Defendants' acts and omissions, Villhauer has in the past and will in the future suffer injuries and damages.

### COUNT XI – DEFAMATION (Against Defendants John Doe 1 and 2, Swartz, Paulson)

174.  Plaintiff Villhauer incorporates the preceding paragraphs by reference as if each paragraph was set forth herein.

175.  Defendants falsely stated that Villhauer committed a crime.

176.  Villhauer committed no crime and there was no probable cause for the charges against Villhauer.

177.  Defendants' statements were libelous per se.

178.  Defendants' false statements injured Villhauer.

179.  As a result of Defendants' acts and omissions, Villhauer has in the past and will in the future suffer injuries and damages.

### PRAYER FOR RELIEF

180.  Plaintiff prays for Judgment against the aforementioned Defendants as follows:

    a.  Actual, Compensatory, Consequential, and all other allowable damages against Defendant in an amount yet to be determined;

    b.  Compensation for violation of their constitutional rights, mental anguish, and humiliation;

E-FILED  2022 JAN 17 2:39 PM POLK - CLERK OF DISTRICT COURT

   c.  Plaintiff's cost in this action, including reasonable attorney fees and costs pursuant to 42 U.S.C. § 1988;

   d.  Declaratory relief;

   e.  Injunctive relief;

   f.  An award of pre-judgment interest;

   g.  Punitive damages; and

   h.  Any other relief the Court deems just and equitable.

## JURY DEMAND

The Plaintiff hereby demands a trial by jury in the above-captioned matter.

Respectfully submitted,

MUNDY LAW OFFICE, PC

*s/ Nathan A. Mundy*

---

NATHAN A. MUNDY (AT0009065)
317 6th Ave., Suite 1300
Des Moines IA 50309-1770
Telephone:  515-288-1552
E-mail:  nathan@mundylawdsm.com
ATTORNEY FOR PLAINTIFF